UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

FRED NEKOUEE, individually,

        Plaintiff,

vs.                                              Case No. 4:18-cv-00452

ESA P PORTFOLIO L.L.C., a Delaware limited liability company

        Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, ESA P PORTFOLIO L.L.C., a Delaware limited liability company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the County of Hillsborough.

2. Defendant's property, Extended Stay America, is located at 3125 Rider Trail S., Earth City, Missouri 63045, in the County of St. Louis.

3. Venue is properly located in the Eastern District of Missouri because venue lies in the judicial district of the situs of the property. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.   Mr. Nekouee travels to Missouri every three to six months to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment.  Fred Nekouee has stayed at the property which forms the basis of this lawsuit on December 18 and 19, 2017, and he plans to return to the property to avail himself of the goods and services offered to the public at the property since it is close to the heavy equipment dealerships he visits in Missouri. The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms at the Extended Stay America.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Extended Stay America   located at 3125 Rider Trail S., Earth City, Missouri 63045   ("Extended Stay America").

7. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint.

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Fred Nekouee desires to visit the Extended Stay America not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8.     The Defendant has discriminated against the individual Plaintiff Fred Nekouee by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   Preliminary inspections of the Extended Stay America have shown that violations exist. The violations that Fred Nekouee personally encountered or observed on his stay at the Extended Stay America include, but are not limited to:

**PARKING**

a. In the parking lot of the Extended Stay America, one of the two parking spaces for disabled patrons does not have the signage and international symbol of accessibility in violation of Federal Law 2010 ADAAG §§ 502.6 and 703.7.2.1.

b. In the parking lot of the Extended Stay America, there are no parking spaces for disabled patrons with van accessible signage in violation of Federal Law 2010 ADAAG §§ 208.2.4 and 502.6.

c. In the parking lot for the Extended Stay America, the access aisle serving the disabled parking spaces for a car and for a van is 58 inches wide and less than the minimum

3

of 60 inches (1525 mm) in violation of Federal Law 2010 ADAAG § 502.3.1.

d.  In the parking lot of the Extended Stay America, the running slope of the access ramp is 1:8 (12.5%), which slope is dangerously steeper than the allowed slope of 1:12 (8%), in violation of Federal Law 2010 ADAAG § 405.2.

e.  The top landing of the curb ramp has a slope of 1:31 (3.2%), which slope is steeper than the allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 405.7.1.

f.  The slope of the surface within the entrance door required maneuvering space of 60 inches is 1:31.3 (3.2%), which slope exceeds the maximum allowed slope of 1:48 (2%) within the door maneuvering space, in violation of Federal Law 2010 ADAAG § 404.2.4.4.

**INTERIOR LOBBY AREA AND ENTRANCE DOOR**

g.  The lobby door hardware (handle) requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

h.  The force needed to open the lobby door is 12 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

**INTERIOR BREAKFAST AREA**

i.  The top compartment of the holder for oatmeal bags in the breakfast area is 54 inches above the finish floor, which level is higher than the maximum allowed height of 48 inches above the finish floor when the reach depth is less than 20 inches, in violation of Federal Law 2010 ADAAG § 308.2.2.

**ACCESSIBLE GUESTROOM**

j.  The door force needed to open the accessible guestroom door is 10 pounds, which

force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

k.  The accessible guestroom door pull side maneuvering clearance is a front approach perpendicular to the doorway is 58 inches and less than the minimum clearance of 60 inches, in violation of Federal Law 2010 ADAAG § 404.2.4.

l.  To open the refrigerator door in the accessible guestroom requires tight grasping, pinching, or twisting of the wrist in violation of Federal law 2010 ADAAG § 309.4.

m.  To open the cabinet door in the accessible guestroom requires tight grasping, pinching, or twisting of the wrist in violation of Federal Law 2010 ADAAG § 309.4.

n.  The clear floor or ground space between objects in the accessible guestroom is 26 inches, which clear space is less than the allowed minimum of 30 inches, in violation of Federal Law 2010 ADAAG § 305.

o.  The hook/hanger in the closet of the accessible guestroom is 67 inches above the floor, which height is higher than the maximum reach of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG §603.4.

p.  The hood controls above the stove are 53 inches above the finished floor, which height is higher above the floor than the maximum reach of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 308.2.

q.  The iron holder and iron table are installed at 64 inches above the finished floor, which height is higher than the maximum allowed reach height of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 308.2.

r.  The door latch to exit the accessible guestroom is 58 inches above the finished floor,

which height is higher than the maximum reach height of 48 inches above the finished floor, in violation of Federal Law ADAAG § 404.2.7.

### ACCESSIBLE GUEST RESTROOM

s. In the accessible guest restroom, the threshold of the standard roll-in type shower compartment is 1 inch in height, which height is more than the maximum allowed height of ½ inch (13 mm), in violation of Federal Law 2010 ADAAG §§ 303 and 608.7.

t. In the accessible guest restroom, the end of the side grab bar across the seat in the roll-in shower is 10 inches from the adjacent wall, which distance is more than the maximum allowed distance of 6 inches (150 mm), in violation of Federal Law 2010 ADAAG § 608.2.3.

u. In the accessible guest restroom, the bottom edge of the mirror's reflecting surface is 42 inches above the finished floor, which height is higher than the maximum allowed height of 40 inches above the finished floor to permit an individual in a wheelchair to use the mirror, in violation of Federal Law 2010 ADAAG § 603.3.

v. In the accessible guest restroom, the door hardware (latch or handle) requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law ADAAG §§ 309.4 and 404.2.7.

w. In the accessible guest restroom, the coat hook is installed 66 inches above the finished floor, which height is higher than the maximum reach of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG §603.4.

x. In the accessible guest restroom, the towel shelf is 53 inches above the finished floor, which height is higher than the maximum reach height of 48 inches above the finished floor in violation of Federal Law 2010 ADAAG § 603.4.

**HALLWAY**

y.  The hallway door handle requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

z.  The door force needed to open the hallway door is 9 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

aa.  The hallway door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is 13 inches, which clearance is less than the required minimum clearance of 18 inches, in violation of Federal Law 2010 ADAAG § 404.2.4.

10.  All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11.  The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as

requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

14. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Extended Stay America and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that at the commencement of the subject lawsuit the Defendant is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require

the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.   An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (MO #37687)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*